COMMONWEALTH *vs.* MICHAEL MUCHNIKOFF & another.

Middlesex.   September 16, 1926. — October 13, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Intoxicating Liquor. Conspiracy. Practice, Criminal,* Exceptions.

Where, after a trial of indictments charging two defendants with crimes, each was found guilty, sentenced, and execution of the sentences was stayed pending the determination of exceptions by this court, and both alleged exceptions which were allowed in one bill and entered in this court, one of the defendants waived his exceptions and the Superior Court revoked the stay of execution as to him, revoked the former sentence and imposed a new sentence, the exceptions as to such defendant were *held* to be no longer rightly before this court and were not considered.

At the trial of an indictment charging the defendant with conspiracy to sell intoxicating liquors, to expose and keep for sale intoxicating liquors, and to transport by vehicle intoxicating liquors, it appeared that the defendant was the proprietor of a garage at which he was present in the day time, and there was evidence in testimony of the driver of certain motor trucks that he drove trucks owned by other persons into that garage where their loads were transferred to other vehicles and distributed, the defendant at times assisting; that at another garage kept

by the defendant and another man indicted with him, a motor truck of one of the driver's employers was found by the police and "liquor" thereon was seized; and that no entries of any of the trucks driven into the defendant's garage in the circumstances above described were kept as required by G. L. c. 90, § 32; St. 1924, § 379, in a register that was kept on the premises for the purpose of the statute. *Held,* that a verdict of guilty was warranted.

INDICTMENTS, found and returned on November 3, 1925, containing the charges stated in the opinion.

There was a trial in the Superior Court before *Flynn,* J., and the evidence was received and the proceedings occurred which are described in the opinion. The defendants Jesse J. Muchnikoff and Michael Muchnikoff alleged exceptions, which were allowed in one bill.

The case was submitted on briefs.

*J. P. Feeney & T. H. Mahony,* for the defendants.

*A. K. Reading,* District Attorney, & *R. T. Bushnell,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. Six defendants were indicted for conspiracy to sell intoxicating liquors, to expose and keep for sale intoxicating liquors, and to transport by vehicle intoxicating liquors. Other defendants, save one not apprehended, having pleaded guilty, the case was finally submitted to the jury against Michael Muchnikoff and Jesse J. Muchnikoff alone. Verdicts of guilty were rendered against both, each was sentenced, execution was stayed pending determination of exceptions in this court, and exceptions were allowed. Thereafter, as appears from the docket entries and certificate of the clerk of courts, the defendant J. J. Muchnikoff waived his exceptions in open court, order staying execution of sentence was revoked, the sentence imposing both fine and imprisonment was revoked, and a new sentence imposing a fine only was entered and the fine paid. In these circumstances the exceptions of J. J. Muchnikoff are not now rightly before this court and will not be considered.

The single exception of Michael Muchnikoff, hereafter called the defendant, was to the denial of a motion to direct a verdict in his favor. An accomplice testified that during about seven months of the time alleged he was driving an

automobile for the three of the defendants, who had pleaded guilty, in the illegal transportation of intoxicating liquor through Cambridge; that he was in the habit of meeting one or more of these three defendants at the Brookline Street garage in Cambridge, where at times the load carried in his automobile was transferred to other machines and distributed; that he saw the defendant at various times through the day at the garage and, when asked, the defendant occasionally helped him to transfer a part of his load to other machines.    There was other testimony from police officers to the effect that the three defendants who pleaded guilty had been seen at various times driving automobiles in and out of this garage, and on several occasions at night or early morning. There was also testimony that at another garage kept by the defendant and J. J. Muchnikoff a police officer found a truck, owned and kept by one of the three defendants who had pleaded guilty, and seized "liquor" therefrom.    The defendant testified that he was the manager of the Brookline Street garage and was there during the daytime; that there was a register of that garage, which was shown him on the witness stand, and that no entries of any of the cars of the other defendants were contained in the book.    Such entries were required by law.    G. L. c. 90, § 32, as amended by St. 1924, c. 379.

The jury might have found on this evidence that the conduct and testimony of the defendant excluded every other reasonable hypothesis except that he was a participant in the unlawful conspiracy charged.    *Attorney General* v. *Tufts,* 239 Mass. 458, 493, 494.

*Exceptions overruled as to Michael Muchnikoff*
*and dismissed as to Jesse J. Muchnikoff.*